**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4053**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROGER ALLEN AUSTIN, JR., a/k/a Fat Rog,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:14-cr-00010-JPJ-PMS-14)

Submitted: November 30, 2015     Decided: December 30, 2015

Before SHEDD, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Laura Jill Koenig, KOENIG LAW FIRM, PLLC, Charlottesville, Virginia, Charles Michael Henter, HENTERLAW, PLC, Charlottesville, Virginia, for Appellant. Anthony P. Giorno, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Allen Austin, Jr., appeals his conviction and 121-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2012). On appeal, Austin claims that his guilty plea was not voluntary because the district court failed to include in its explanation of the nature of the charge against him that he would be held responsible at sentencing for his coconspirators' drug activities. Austin also argues that the district court failed to make particularized findings as to the scope of the criminal activity to which he agreed and as to the reasonable foreseeability of his coconspirators' drug activities. We affirm.

Because Austin failed to raise either of his arguments in district court, we review each for plain error. United States v. Aplicano-Oyuela, 792 F.3d 416, 422 (4th Cir. 2015). To establish plain error, Austin must demonstrate that an error occurred, that the error was plain, and that the error affected his substantial rights. Id. In the guilty plea context, a defendant can establish the third factor by showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009). If the three-part plain error test is satisfied, we must decide whether to cure the error, and will do

so only if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Aplicano-Oyuela, 792 F.3d at 422 (internal quotation marks omitted).

Prior to accepting a guilty plea, a trial court, through colloquy, must inform the defendant of, and determine that he understands, the nature of the charge to which the plea is offered, the penalties he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court also must inform a defendant that it will consider any applicable Sentencing Guidelines and the possibility of departure; however, the court is not required to inform the defendant of the applicable sentencing range before accepting a guilty plea. Fed. R. Crim. P. 11(b)(1)(M); DeFusco, 949 F.2d at 118-19. This is because, "[u]nder the Guidelines, the maximum sentence will never exceed the maximum provided by statute" and as long as the defendant knows the maximum possible penalty at the time the guilty plea is offered, Rule 11 has been satisfied. DeFusco, 949 F.2d at 119. In reviewing the district court's compliance with Rule 11, we "accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." Id. at 116.

Informing the defendant of the nature of the charge, "[i]n most cases, . . . requires the court to recite the elements of

the offense." United States v. Ferrel, 603 F.3d 758, 762 (10th Cir. 2010). The elements of a drug conspiracy are "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law; (2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). The amount of drugs involved is not an element of the offense where, as here, the amount does not operate to trigger either a statutory mandatory minimum or an enhanced statutory maximum penalty. See 21 U.S.C. § 841(b)(1)(C) (2012); cf. Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013) (holding that any fact increasing statutory mandatory minimum penalty is element of crime); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (holding that, other than prior conviction, any fact increasing maximum statutory penalty is element of crime).

We conclude that the district court adequately advised Austin of the nature of the charge at the time he entered his guilty plea. Furthermore, by persisting in his guilty plea even after having been advised of the 20-year maximum penalty, Austin cannot show a reasonable probability that he would not have pled guilty had the court advised him that his Sentencing Guidelines range would be calculated based in part on the reasonably

4

foreseeable conduct of his coconspirators.  Thus, Austin fails to establish plain error.

Turning to Austin's sentencing claim, "the government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011).  "Under the Guidelines, the drug quantities that may be attributed to the defendant include the quantities associated with the defendant's offense of conviction and any relevant conduct."  United States v. Flores-Alvarado, 779 F.3d 250, 255 (4th Cir. 2015).  "Relevant conduct in conspiracy cases includes all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."  Id. (internal quotation marks omitted); see U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (2014). "[I]n order to attribute to a defendant for sentencing purposes the acts of others in jointly-undertaken criminal activity, those acts must have been within the scope of the defendant's agreement and must have been reasonably foreseeable to the defendant."  Flores-Alvarado, 779 F.3d at 255 (emphasis omitted).  Accordingly, we require sentencing courts "to make particularized findings with respect to both the scope of the defendant's agreement and the foreseeability of the conduct at issue."  Id. at 256 (emphasis, brackets, and internal quotation marks omitted).

5

Generally, we review for clear error "the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes." United States v. Crawford, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). Under this standard, we will reverse the district court's finding only if we are "left with the definite and firm conviction that a mistake has been committed." Id. (internal quotation marks omitted). However, because Austin did not object at sentencing to the district court's findings, we review only for plain error. See Aplicano-Oyuela, 792 F.3d at 422. Our review of the record leads us to conclude that Austin fails to establish plain error as to the district court's findings regarding the scope of the conspiracy and the foreseeability of Austin's coconspirators' actions.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6